UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

**MICHELE CRECY et al.,**

      **Plaintiff,**

v.                                                                 Case No. 15-1014

**CITY OF KANKAKEE et al.,**

      **Defendant.**

REPORT & RECOMMENDATION

      This case is before the Court on Defendants', City of Kankakee and Jose Martinez ("City Defendants") Schedule of Expenses (#16), Plaintiffs' Response to List of Expenses (#17) and Plaintiffs' Motion for Reconsideration of Court's Order Granting Defendants' Request for Fees (#18). The Court has also considered City Defendants' Response to Plaintiffs' Motion to Reconsider this Court's Order Granting Defendant's Request for Fees (#19). For the following reasons, the Court recommends that Plaintiffs' Motion (# 18) be DENIED. Also, as detailed below, the Court recommends City Defendants be awarded $950.00 in fees.

### I.   Background

      On February 10, 2015, Plaintiffs' counsel met with City Defendants to review discovery materials. At this meeting, Plaintiffs' counsel allowed City Defendants to review a purported handwritten statement of one of the plaintiffs. City Defendants made a request for copies of numerous documents, including the handwritten statement. Plaintiffs' counsel did not provide the copies and ignored several phone calls and e-mails from defense counsel requesting the documents. By March 10, 2015, Plaintiffs had provided most of the requested documents, but still failed to produce the handwritten statement. Defense counsel sent additional requests by e-mail, but received no response. On April 8, 2015, the parties held a Rule 26(f) planning meeting, where Plaintiffs' counsel indicated his belief that the handwritten statement was privileged.

Plaintiff allegedly agreed to produce the handwritten statement or provide a privilege log by April 15, 2015. Defense counsel did not receive the statement and again e-mailed and called Plaintiffs' counsel. On April 22, 2015, Plaintiffs' counsel sent an e-mail again promising to provide the statement within one day, by April 23, 2015. City Defendants still did not receive the statement.

On April 24, 2015, City Defendants filed a Motion to Compel (#13), asking the Court to compel Plaintiff to produce the handwritten statement. Plaintiff did not file a response, and the Court granted the Motion to Compel on May 18, 2015, ordering Plaintiff to produce the statement and show cause why City Defendants' request for fees should be denied within seven days (#15).

Plaintiff failed to comply with the Order and on June 2, 2015, the Court granted City Defendants' request for reasonable costs and fees. The Court directed City Defendants to file a schedule of expenses, which they did on June 10, 2015. Upon receiving the schedule of expenses, the Court granted Plaintiff leave to file a response by June 25, 2015. On June 26, 2015, Plaintiff filed both a Response to Defendants' Schedule of Expenses (#17) and a Motion for Reconsideration of the Court's June 2nd Order granting reasonable costs and fees (#18). Defendant filed its Response to Plaintiff's Motion (#19) on July 10, 2015.

II.   Analysis

A.  Motion to Reconsider (#18)

Plaintiffs first ask the Court to reconsider its May 18, 2015, Order granting City Defendants' request for fees. Plaintiffs' Motion and Response both argue that Plaintiffs did not receive electronic notice of City Defendants' Motion to Compel (#13) or the Court's May 18, 2015, Order granting the motion (#15). Plaintiffs' counsel acknowledges that he received a copy of the May 18, 2015, Order, but states that he was delayed in receiving it due to personal vacations.

The Court's electronic records show that Plaintiffs' counsel was not electronically notified of the Motion to Compel (#13). At the time the Motion to Compel was filed on April 24,

2015, the Court had not received Plaintiffs' counsel electronic court filing registration form. Plaintiffs' counsel, however, was mailed a hard copy of the Motion. Further, Plaintiffs' counsel's yahoo email address is listed as a recipient of the May 18, 2015, Order, which directed Plaintiffs to show cause why City Defendants' request for fees should not be granted, as well as the text order on June 2, 2015. Despite receiving these orders, Plaintiff did not file any response until June 26, 2015.

Additionally, even if Plaintiffs' counsel did not receive electronic notice of the Motion to Compel, counsel acknowledges his awareness of the existence of the motion (#18, ¶ 8). Further, Plaintiffs and their counsel do not explain why they failed to respond even once they received notice of the Court's May 18, 2015, Order granting #13. Plaintiffs' first response was not received until more than one month later, on June 26, 2015. As discussed below, Plaintiffs' counsel accepts responsibility for a portion of the fees relating to Plaintiffs' failure to turn over the statement in Plaintiffs' Response to Defendants' Schedule of Expenses (#17). For these reasons, the Court recommends Plaintiffs' Motion for Reconsideration (#18) be denied.

### B.  Plaintiffs' Response to City Defendants' Schedule of Expenses (#17)

Plaintiffs also objected to City Defendants' Schedule of Expenses (#17). As noted above, Plaintiffs' attorney accepts responsibility for the fees for the written correspondence relating to Plaintiffs' statement and the delay in determining whether the statement was privileged. Plaintiff, however, objects to the amount of fees billed for the work of drafting the motion and memorandum.

When a party's refusal to participate in discovery causes the other party to move to compel compliance, the Federal Rules of Civil Procedure provide that "[i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A).  As detailed, Plaintiffs caused numerous delays by failing to produce the statement or otherwise respond to defense counsel's numerous requests. City Defendants were forced to

file a Motion to Compel in order to obtain the statement, and under the Rules, City Defendants' reasonable fees should be reimbursed.

Plaintiffs argue that the amount of time billed was excessive for the brief motion and a memorandum lacking any substantial legal argument. City Defendants' schedule of expenses seeks $1,584.00 to cover their repeated requests for the statement, drafting and filing of the Motion to Compel, and drafting the statement of expenses. This amount includes 6.8 hours related to the Motion to Compel and 2 hours related to the schedule of expenses. As Plaintiffs note, City Defendants' Motion to Compel was only four pages and mostly consists of a recitation of the facts. Due to the brief and routine nature of the motion, Plaintiffs' request for a reduction in fees is reasonable. Further, it is excessive for City Defendants to request payment for two hours of fees to prepare a schedule of expenses. The schedule of expenses briefly repeated the facts of the case and included a table including seven lines of work completed on the motion. The Court recommends an award in the amount of $950.00 in fees.

### III.  Conclusion

The Court recommends that Plaintiffs' Motion for Reconsideration of Court's Order Granting City Defendants' Request for Fees (# 18) be DENIED. Further, the Court recommends City Defendants be awarded $950.00 in costs and fees associated with the filing of their Motion to Compel.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 21st day of July, 2015.

s/ERIC I. LONG<br>UNITED STATES MAGISTRATE JUDGE